**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosemary Stewart,                       ) | No. 10-CV-791-PHX-GMS |
|                                         ) | |
|         Plaintiff,                      ) | **ORDER** |
|                                         ) | |
| vs.                                     ) | |
|                                         ) | |
| Bank of New York Mellon, f/k/a The Bank ) | |
| of New York, as Trustees for the Holders) | |
| of the GE-WMC Asset-Backed Pass-        ) | |
| Through Certificates, Series 2006-1; Litton) | |
| Loan Servicing Corp.,                   ) | |
|                                         ) | |
|         Defendants.                     ) | |
|                                         ) | |

Two motions to dismiss are pending before the Court: one filed by Defendant Litton Loan Servicing LP ("Litton")[1] (Doc. 6) and one filed by Defendant Bank of New York Mellon ("Bank of New York") (Doc. 16). For the following reasons, the Court grants the motions with leave to amend.

**BACKGROUND**

This case arises out of a May 2006 loan transaction. Plaintiff Rosemary Stewart, who was seventy-seven years old at the time, was solicited by an agent of First Capital Lending,

---

[1] It appears that Litton was erroneously sued as a corporation, not as a limited partnership.

Inc. ("First Capital") to refinance her residential mortgage.[2] Plaintiff ultimately entered into a loan agreement with First Capital for $425,000 with an adjustable interest rate. An unknown person brought loan documents for Plaintiff to sign and allegedly made misrepresentations regarding prepayment penalties and balloon payments. After Plaintiff and First Capital had agreed to the loan, Litton began acting as the loan servicer. At some point, First Capital ceased operations and assigned its rights under the loan agreement to the Bank of New York. Plaintiff ultimately decided she wished to rescind the loan based on alleged violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and sent a notice of rescission to First Capital and Litton, among others. A notice of trustee's sale was scheduled for February 2010. Plaintiff filed this action in Maricopa County Superior Court on April 9, and Defendants removed the action to this Court. The Complaint alleges three counts: (1) declaratory judgment that the lending agreement was validly rescinded pursuant to TILA; (2) "predatory lending" based on allegations that Defendants targeted Plaintiff for an unfair lending agreement; (3) fraud based on various representations made by First Capital relating to the lending agreement. Defendants now move to dismiss.

## LEGAL STANDARD

The Supreme Court and the Ninth Circuit have established clear pleading standards to state a claim under Federal Rules of Civil Procedure 8 and 9. To state a claim under Rule 8 and to survive dismissal under Rule 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The question is not whether "no set of facts" could support Plaintiff's claim. *Id.* at 562. Rather, a complaint "must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim

---

[2] The Court previously dismissed First Capital and Quality Loan Service Corp. as Defendants without prejudice. (Doc. 25).

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal citations omitted). Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Certain elements of fraud claims carry a higher standard of pleading under the Federal Rules: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Under this rule, a plaintiff "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.") (internal quotations omitted).

**DISCUSSION**

**I.  Declaratory Judgment**

Plaintiff's declaratory judgment claim alleges that she validly rescinded the lending agreement pursuant to TILA. Plaintiff concedes that, to establish her right to rescind in this case, she must allege that one or more Defendants violated TILA.

**A.  Litton**

With respect to Litton, dismissal is appropriate because the Complaint does not allege that Litton is a "creditor" under TILA. Generally, only "creditors" are subject to TILA disclosure requirements. *See, e.g.*, 15 U.S.C. §§ 1635, 1638, 1640. Plaintiff agrees that it has

1 not adequately pled a TILA violation against Litton because Litton, the servicer of the loan, 2 is not a "creditor" under TILA. *See Silvas v. GMAC Mortgage, LLC*, 2009 WL 4573234, at 3 *8 (D. Ariz. Dec. 1, 2009) (dismissing claims against a servicer because it was not a 4 creditor); *Lippner v. Deutsche Bank Nat'l Trust Co.*, 544 F. Supp.2d 695, 698–99 (N.D. Ill. 5 2008) (same); *see also* 15 U.S.C. § 1602(f) (defining a "creditor" as a person who both (1) 6 regularly extends, whether in connection with loans, sales of property or services, or 7 otherwise, consumer credit which is payable by agreement in more than four installments or 8 for which the payment of a finance charge is or may be required, and (2) to whom the debt 9 arising from the consumer credit transaction is initially payable on the face of the evidence 10 of indebtedness or, if there is no such evidence of indebtedness, by agreement).

11 Despite her failure to allege a TILA claim against Litton, Plaintiff contends Litton 12 nonetheless is a necessary party under Federal Rule of Civil Procedure 19. Rule 19 provides 13 two circumstances in which a party is necessary: (1) if "in that person's absence, the court 14 cannot accord complete relief among existing parties," and (2) if "that person claims an 15 interest relating to the subject of the action and is so situated that disposing of the action in 16 the person's absence may[] . . . impair or impede the person's ability to protect the interest" 17 or "leave an existing party subject to a substantial risk of incurring double, multiple, or 18 otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1).

19 It appears that no circuit court or any district court within the Ninth Circuit has 20 addressed this issue. The district courts that have reached this issue are split. Several cases 21 have held that current servicers are necessary parties under Rule 19 because of the risk that 22 a servicer might report to credit bureaus or foreclose on the loan. *See, e.g.*, *Miranda v.* 23 *Universal Fin. Group, Inc.*, 459 F. Supp.2d 760, 765–66 (N.D. Ill. 2006) (citing several 24 courts that "reasoned that dismissing the servicer could impair the borrower's ability to fully 25 protect his or her interest in rescinding the loan because the servicer could improperly report 26 to credit bureaus or foreclose on the loan"); *Adams v. Nationscredit Fin. Servs. Corp.*, 351 27 F. Supp.2d 829, 835 (N.D. Ill. 2004) (holding that, because of the risk that the servicer would 28 foreclose, dismissing the servicer could impair the plaintiff's ability to fully protect his

interest and could prejudice the other parties involved). Other courts, however, have explicitly considered and rejected the argument raised by the opposing line of cases, explaining that the risks of improper credit reporting or foreclosure are too insignificant and speculative to deem a servicer a necessary party. *See, e.g.*, *Harris v. Option One Mortgage Corp.*, 261 F.R.D. 98, 108 (D. S.C. 2009) (holding that a servicer is not a necessary party because rescission automatically terminates its interest in the property); *Bills v. BNC Mortgage, Inc.*, 502 F. Supp.2d 773, 775 (N.D. Ill. 2007) (finding the risks of improper credit reporting or foreclosure "purely speculative" because "a servicer's interest automatically ceases upon rescission"); *Walker v. Gateway Fin. Corp.*, 286 F. Supp.2d 965, 969 (N.D. Ill. 2003) (noting that it is "speculative" to say that a servicer claims an independent interest in the subject of the litigation and holding that "realistically," rescission would cause a servicer to "automatically cease to have any collection or other function in connection with that loan").

The procedural posture of the case negates Plaintiff's argument. Plaintiff has not sought rescission under TILA, but instead has requested a declaratory judgment. The Court could issue a declaratory judgment regarding the appropriateness of Plaintiff's prior request for rescission regardless of Litton's presence in this action. The Court, therefore, dismisses the declaratory judgment claim against Litton.

### B. Bank of New York

Regarding the Bank of New York, Defendants offer two arguments in favor of dismissal: (1) that the Bank of New York can be liable only where a TILA violation is apparent on the face of the disclosure statement, and (2) that Plaintiff's failure to allege her ability to tender the amount owed on the loan makes rescission inappropriate.[3] Defendants

---

[3] Defendants raise a statute-of-limitations argument in the Reply. Although a cursory reading of the Complaint suggests that the argument may have merit, given that the Complaint does not plead facts relating to equitable tolling of the limitations period, the Court need not consider this argument because it was raised for the first time in the Reply. *See Delgadillo v. Woodford*, 527 F.3d 919, 930 n. 4 (9th Cir. 2008) ("Arguments raised for the first time in [the] reply brief are deemed waived."); *Marlyn Nutraceuticals, Inc. v.*

- 5 -

1  appear to abandon the first argument in the Reply, as the argument lacks merit.  Although
2  TILA damages claims cannot be brought against an assignee, like the Bank of New York,
3  where the violation is not apparent on the face of the disclosure statement, *see* 15 U.S.C. §
4  1641(a), the same is not true of rescission claims.  "Any consumer who has the right to
5  rescind a transaction . . . may rescind the transaction as against any assignee of the
6  obligation." *Id.* at § 1641(c).  As the Northern District of California has explained, "'unlike
7  a statutory damages claim against an assignee under § 1641(a), a rescission claim against an
8  assignee under § 1641(c) may be brought even if there is no TILA violation apparent on the
9  face of the loan documents.'" *Sullivan v. Wash. Mut. Bank., FA*, 2009 WL 3458300, at *3
10 (N.D. Cal. Oct. 23, 2009) (quoting *Miranda*, 459 F. Supp.2d at 764–65 & n. 3) (internal
11 alterations omitted).  Therefore, as Plaintiff seeks relief only relating to TILA's rescission
12 provision, it is immaterial that a violation was not apparent on the face of the disclosure
13 statement.

14        Nonetheless, dismissal is appropriate because Plaintiff did not allege her ability to
15 tender the amount due.  "To state a claim for rescission under TILA . . . the aggrieved party
16 'must allege (subject to Rule 11) an ability to tender' any funds advanced by the lender."
17 *Colonial Savings, FA v. Gulino*, 2010 WL 1996608, at *5 (D. Ariz. May 19, 2010) (quoting
18 *Sipe v. Countrywide Bank*, 690 F. Supp.2d 1141, 1150 (E.D. Cal. 2010) (internal quotations
19 omitted)); *see also Garcia v. Wachovia Mortgage Corp.*, 676 F. Supp.2d 895, 901 (C.D. Cal.
20 2009) (citing cases and finding that "[b]y far, the majority of Courts to address the issue
21 recently have required that borrowers allege an ability to tender the principal balance of the
22 subject loan in order to state a claim for rescission under TILA").  Plaintiff does not point to
23 any language in the Complaint implying an ability to tender.  Rather, Plaintiff contends that
24 she need not allege an ability to tender because a district court has discretion in each case to

---

26 *Improvita Health Prods.*, 663 F. Supp.2d 841, 848 (D. Ariz. 2009) ("The Court need not
27 consider Defendants' position, however, since it was first raised in their reply brief . . . .
   Thus, even if the argument has merit, this Court cannot appropriately consider it, since
28 Plaintiffs did not have the opportunity to respond.").

- 6 -

condition rescission on an ability to tender payment. *See Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1171–72 (9th Cir. 2003) (explaining a court's discretion in conditioning rescission on the ability to tender). Finding no reason to depart from the framework that the "majority of Courts" have taken, however, the Court dismisses the declaratory judgment claim against the Bank of New York because Plaintiff has neither alleged an ability to tender nor alleged any compelling reason why the Court should ignore this requirement.

**II.     State Law Claims**

Plaintiff agrees that it has not adequately pled either of its state law claims for fraud or "predatory lending." Plaintiff failed to plead its fraud claims with particularity, including the time, place, content of the representations, and the identities of the parties to the misrepresentation. *Schreiber*, 806 F.2d at 1401 (citing Fed. R. Civ. P. 9(b)). Regarding the claim for "predatory lending," the parties dispute whether such a cause of action exists under Arizona law. The Court need not decide what situations, if any, would give rise to a "predatory lending" claim because Plaintiff concedes that, in any event, it has not alleged sufficient facts to state a claim.

**CONCLUSION**

The Complaint fails to state a claim against either Litton or the Bank of New York. At the same time, "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Given that Plaintiff may be able to allege facts consistent with Rule 11 to state a claim, dismissal is with leave to amend.

**IT IS THEREFORE ORDERED** that Litton's Motion to Dismiss (Doc. 6) is **GRANTED** with leave to amend.

**IT IS FURTHER ORDERED** that the Bank of New York's Motion to Dismiss (Doc. 16) is **GRANTED** with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff has, to and including, **October 22, 2010,** to file a First Amended Complaint.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an Amended Complaint

1 within the time stated, the Clerk of the Court is directed to terminate this action, without
2 further notice.
3    DATED this 22nd day of September, 2010.

*G. Murray Snow*
G. Murray Snow
United States District Judge

- 8 -